UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DYNAPASS IP HOLDINGS, LLC, | § § § § § | CASE NO. 2:23-cv-00063-JRG-RSP (Lead Case) |
| v. | | |
| AMAZON.COM, INC. | | |

| | | |
|---|---|---|
| DYNAPASS IP HOLDINGS, LLC, | § § § § § § § | CASE NO. 2:23-cv-00067-JRG-RSP (Member Case) |
| v. | | |
| FIRST CITIZENS BANCSHARES, INC., et al | | **Jury Trial Demanded** |

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants First Citizens Bancshares, Inc. ("FC-Bancshares"), and First-Citizens Bank & Trust Company ("First Citizens"; collectively, "Defendants") submit their Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff Dynapass IP Holdings, LLC's ("Plaintiff") Original Complaint for Patent Infringement (D.E. 1). Defendants deny all of the allegations of the Complaint that are not expressly admitted herein. Defendants include section headings only for the purposes of clarity, convenience, and organization and expressly denies any allegations that may be implied or inferred from the Complaint's section headings.

### PARTIES

1. Defendants admit the allegations of this paragraph of the Complaint upon information and belief.

2. FC-Bancshares admits the allegations of this paragraph of the Complaint, although it expressly denies that it is a proper party to this litigation because it is only a holding company that provides no banking services or products directly.

3. First Citizens admits that it is a North Carolina state-chartered bank and a wholly-owned subsidiary of FC-Bancshares. First Citizens further admits that it has a principal place of business at 4300 Six Forks Road, Raleigh, N.C. 27609, and has a registered agent at CT Corporation at 160 Mine Lake Ct., Ste. 200, Raleigh, N.C. 27615. Except as expressly admitted, Defendants deny the allegations of this paragraph of the Complaint.

## JURISDICTION AND VENUE

4. Defendants admit that Plaintiff purports to assert an action for patent infringement arising under the cited patent laws of the United States. Defendants further admit that the Court has subject matter jurisdiction over patent law claims under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Defendants deny the allegations of this paragraph of the Complaint.

5. The allegations of this paragraph of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of this paragraph of the Complaint.

6. The allegations of this paragraph of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of this paragraph of the Complaint and deny that they have committed any acts of infringement in this judicial district, the State of Texas, or in the United States. FC-Bancshares further denies that it is a proper party to this litigation because it is only a holding company that provides no banking services or products directly.

7. FC-Bancshares denies that it is a proper party to this litigation because it is only a holding company that provides no banking services or products directly, and therefore it denies the allegations of this paragraph of the Complaint. First Citizens admits that it offers services and products to customers in this judicial district and the State of Texas. Except as expressly admitted, Defendants deny the allegations of this paragraph of the Complaint.

8. FC-Bancshares denies that it is a proper party to this litigation because it is only a holding company that provides no banking services or products directly, and therefore it denies the allegations of this paragraph of the Complaint. First Citizens admits that it offers services and products to customers in this judicial district, including at its branch location at 8160 Lebanon Rd., Frisco, TX 75034. Except as expressly admitted, Defendants deny the allegations of this paragraph of the Complaint.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,993,658

9. This paragraph of the Complaint repeats and re-alleges the allegations in paragraphs 1-8 of the Complaint, and therefore Defendants repeat and re-allege their responses to paragraphs 1-8 of the Complaint.

10. Defendants admit that, on its face, U.S. Patent No. 6,993,658 ("the '658 Patent") was issued on January 31, 2006, and is entitled "Use of Personal Communication Devices for User Authentication." Defendants deny that the '658 Patent was duly and legally issued. Defendants admit that Plaintiff has attached a copy of the '658 Patent as Exhibit A to the Complaint. Except as expressly admitted, Defendants deny the allegations of this paragraph of the Complaint.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore deny them. Except as expressly admitted, Defendants deny the allegations of this paragraph of the Complaint.

12. The contents of the '658 Patent speak for themselves and so no response is required to the allegations in this paragraph of the Complaint. Except as expressly admitted, Defendants deny the allegations of this paragraph of the Complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, including but not limited to what the inventors

of the '658 Patent allegedly recognized, and therefore deny them. Except as expressly admitted, Defendants deny the allegations of this paragraph of the Complaint.

14. Defendants admit that Plaintiff purports to reproduce Figure 1 of the '658 Patent in this paragraph of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, including but not limited to what the inventors of the '658 Patent allegedly recognized, and therefore deny them. Except as expressly admitted, Defendants deny the allegations of this paragraph of the Complaint.

15. The allegations of this paragraph of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, the contents of the '658 patent speak for themselves and so no further response is required to the allegations in this paragraph of the Complaint. Except as expressly admitted, Defendants deny the allegations of this paragraph of the Complaint, and Defendants specifically deny that "[t]he claims of the '658 patent are not directed to an abstract idea."

16. The contents of the '658 Patent speak for themselves and so no response is required to the allegations in this paragraph of the Complaint. To the extent that a response is required, Defendants admit that claim 5 of the '658 Patent recites, in part: "a control module executed on the computer processor configured to a create a new password based at least upon a token and a passcode, wherein the token is not known to the user and wherein the passcode is known to the user, the control module further configured to set a password associated with the user to be the new password; a communication module configured to transmit the token to the personal communication device through the cell phone network." Except as expressly admitted, Defendants deny the allegations of this paragraph of the Complaint.

17. The contents of the '658 Patent speak for themselves and so no response is required to the allegations in this paragraph of the Complaint. To the extent that a response is required,

Defendants admit that claim 5 of the '658 Patent recites, in part: "an authentication module configured to receive the password from the user through a secure computer network, said secure computer network being different from the cell phone network, wherein the user has an account on the secure computer network, wherein the authentication module activates access to the account in response to the password and deactivates the account within a predetermined amount of time after activating the account, such that said account is not accessible through any password via the secure computer network." Except as expressly admitted, Defendants deny the allegations of this paragraph of the Complaint.

18. Defendants deny the allegations in this paragraph of the Complaint.

19. Defendants deny the allegations in this paragraph of the Complaint.

20. Defendants deny the allegations in this paragraph of the Complaint.

21. Defendants deny the allegations in this paragraph of the Complaint.

22. Defendants deny the allegations in this paragraph of the Complaint.

23. Defendants deny the allegations in this paragraph of the Complaint.

24. Defendants deny the allegations in this paragraph of the Complaint.

25. Defendants deny the allegations in this paragraph of the Complaint.

26. Defendants deny the allegations in this paragraph of the Complaint.

27. Defendants deny the allegations in this paragraph of the Complaint.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore deny them.

## JURY DEMAND

Defendants admit that Plaintiff requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

No response is required to Plaintiff's Prayer for Relief. To the extent that a response may be required, Defendants deny that Plaintiff has any valid claim and denies that Plaintiff is entitled to any of the relief in the Prayer for Relief. Defendants deny any and all liability for any alleged conduct and deny each and every allegation set forth in the Complaint that is not expressly admitted to or otherwise responded to herein. Defendants further deny that they infringe or have infringed any valid and enforceable claim of the '658 Patent. Defendants further deny that Plaintiff is entitled to any relief requested, including damages (including reasonable royalty, lost profits, enhanced or treble damages), interest on damages, attorneys' fees, costs, or any other relief of any kind, which includes but is not limited to the relief requested in paragraphs (a)-(e) of the Prayer for Relief.

### DEFENDANTS' ADDITIONAL DEFENSES

Defendants allege the following Additional Defenses without conceding that Defendants bear the burden of proof or persuasion as to any of the issues raised in these Defenses:

### FIRST ADDITIONAL DEFENSE
### (Failure to State a Claim of Patent Infringement)

The Complaint fails to state a claim upon which relief can be granted and must be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure. This includes but is not limited to failing to state a claim for direct patent infringement because, *inter alia*, Plaintiff fails to allege factual allegations for one or more material limitations of asserted claims of the '658 Patent.

### SECOND ADDITIONAL DEFENSE
### (Non-Infringement)

Defendants do not infringe and have not infringed, either literally or under the doctrine of equivalents, directly, by inducement, contributorily or in any way any valid and enforceable claim of the '658 Patent, willfully or otherwise.

### THIRD ADDITIONAL DEFENSE
### (Invalidity)

One or more claims of the '658 Patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including without limitation Sections 101, 102, 103, or 112, and the rules, regulations, and laws pertaining thereto.

Specifically, Defendants allege the claims of the '658 Patent are each directed to patent-ineligible subject matter because each such claim is directed to an abstract idea and does not have an inventive concept that amounts to significantly more than a claim directed to the abstract idea itself. Defendants also allege that the claims of the '658 Patent are invalid under 35 U.S.C. §§ 102 and 103 because one or more prior art references, either alone or in combination, disclose such claims or the alleged invention(s) claimed therein that would have been obvious to one having ordinary skill in the art in view of the prior art. Prior art that invalidates the asserted claims will be set forth in Defendants' invalidity contentions. One or more claims of the '658 Patent are invalid under 35 U.S.C. § 112 because they lack an adequate written description, fail to set forth in the claim what the patentee regarded as the invention, are not enabled, or are indefinite.

### FOURTH ADDITIONAL DEFENSE
**(Prosecution History Estoppel or Disclaimer)**

Defendants allege that Plaintiff is estopped from using the doctrine of equivalents to claim infringement of the claims as alleged in the Complaint by reason of the proceedings in the U.S. Patent and Trademark Office during prosecution of the application for the '658 Patent, and/or any related patents, including but not limited to arguments, amendments, statements, representations, or admissions made during prosecution of the patent applications resulting in the '658 Patent or applications related thereto. Defendants also allege that Plaintiff is estopped from interpretation(s) of any claim term that includes scope that was disavowed or disclaimed during prosecution of the application for the '658 Patent or any related patents.

### FIFTH ADDTIONAL DEFENSE
**(Ensnarement)**

Defendants allege that Plaintiff cannot assert the claims of the '658 Patent under the doctrine of equivalents because the asserted claim scope would encompass or ensnare the prior art.

### SIXTH ADDITIONAL DEFENSE
### (Equitable Defenses—Waiver, Unclean Hands, Implied License, or Estoppel)

Defendants allege that the doctrines of waiver, unclean hands, implied license, or estoppel in whole or in part bar Plaintiff's claims for relief.

### SEVENTH ADDITIONAL DEFENSE
### (Limitations on Damages and Costs)

Defendants allege that any patent infringement claim by Plaintiff for damages is limited under 35 U.S.C. §§ 286 and 287. Defendants also allege that to the extent there was failure to mark properly any relevant products as required by 35 U.S.C. § 287, Defendants cannot be held liable to Plaintiff for any damages for the acts alleged to have been performed by Defendants. Defendants also allege that Plaintiff's claims for recovery of alleged damages are limited by 35 U.S.C. § 286 and Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288, upon information and belief.

### EIGHTH ADDITIONAL DEFENSE
### (Not an Exceptional Case)

Defendants allege that the Complaint fails to state a claim for relief against Defendants that would qualify this action as an exceptional case under 35 U.S.C. § 285.

### NINTH ADDITIONAL DEFENSE
### (Reservation)

Defendants expressly reserve the right to assert other Additional Defenses as this action and discovery proceeds, including the right to amend this Answer to assert Additional Defenses or a cross-complaint in the event that such pleadings are appropriate.

### COUNTERCLAIMS

Defendant and Counterclaim Plaintiff First-Citizens Bank & Trust Company ("First Citizens") alleges the following against Plaintiff and Counterclaim Defendant Dynapass IP Holdings, LLC ("Dynapass") under Rule 13 of the Federal Rules of Civil Procedure:[1]

## PARTIES

1. First Citizens is a North Carolina state chartered bank with a principal place of business at 4300 Six Forks Road, Raleigh, N.C. 27609.

2. Upon information and belief, Dynapass is a Delaware limited liability company with a principal place of business at 16192 Coastal Highway, Lewes, Delaware 19958.

## JURISDICTION AND VENUE

3. Subject to and without waiving the Additional Defenses and denials set out above, this Court has subject matter jurisdiction over these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, as there is an actual controversy between First Citizens, on the one hand, and Dynapass, on the other hand, that arises under the patent laws of the United States, Title 35, United States Code.

4. Subject to and without waiving the Additional Defenses and denials set out above, venue is technically proper in this Court under 28 U.S.C. §§ 1391 and 1400 because Dynapass consented to venue in this Court by filing its Complaint here alleging infringement of U.S. Patent No. 6,993,658 ("the '658 Patent"). First Citizens reserves all rights to seek a transfer of venue under 28 U.S.C. § 1404 for the convenience of the parties and witnesses.

5. Dynapass has consented to the exercise of personal jurisdiction by this Court by bringing this action in this judicial district and seeking relief for its claims asserted in the Complaint.

---

[1] First Citizens Bancshares, Inc. does not allege any counterclaim against Dynapass because it is not a proper party to this litigation.

## FACTUAL ALLEGATIONS

6. These counterclaims seek declaratory judgments for non-infringement and invalidity of one or more claims of the '658 Patent under the patent laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

7. These counterclaims arise out of Dynapass's attempt to enforce at least claim 1 and claim 5 of the '658 Patent against First Citizens.

8. Dynapass alleges that it is the owner of the '658 Patent.

9. Dynapass alleges that First Citizens has infringed or is infringing the '658 Patent in this judicial district.

10. Accordingly, an actual and justiciable controversy exists between Dynapass, on one hand, and First Citizens, on the other, concerning whether First Citizens infringes any valid claim of the '658 Patent.

## COUNT ONE

## DECLARATION OF INVALIDITY OF THE '658 PATENT

11. First Citizens realleges and incorporates by reference the preceding 10 paragraphs as if fully set forth herein.

12. Dynapass has sued First Citizens in this action, alleging infringement of one or more claims of the '658 Patent, including claim 5. By its Complaint, Dynapass has asserted that the claims of the '658 Patent are valid or enforceable.

13. First Citizens has asserted that one or more claims of the '658 Patent are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, or 112.

14. Accordingly, there is a real, actual, immediate, and justiciable controversy between Dynapass, on the one hand, and First Citizens, on the other hand, concerning the alleged validity of the '658 Patent.

15. As the above activities and actions have created an actual and justiciable controversy, First Citizens seeks a declaration that the '658 Patent is invalid.

16. Absent such relief, Dynapass will continue to wrongfully assert the '658 Patent and its claims in the Complaint against First Citizens in violation of the laws and contrary to the public policy of the United States and thereby will continue to cause First Citizens irreparable injury and damage.

17. First Citizens also is entitled to its attorneys' fees, expenses, and costs incurred by it in connection with this action because Dynapass has filed it without a good faith basis, making this an exceptional case under 35 U.S.C. § 285.

## COUNT TWO

## DECLARATION OF NON-INFRINGEMENT OF THE '658 PATENT

18. First Citizens realleges and incorporates by reference the preceding 18 paragraphs as if fully set forth herein.

19. Dynapass has sued First Citizens in this action, alleging infringement of one or more claims of the '658 Patent, including claim 5. By its Complaint, Dynapass has asserted that First Citizens has infringed one or more valid and/or enforceable claims of the '658 Patent.

20. First Citizens has denied Dynapass's claims of infringement. First Citizens is not infringing, and has not infringed, literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid and enforceable claim of the '658 Patent. Moreover, Dynapass's allegations of patent infringement are legally insufficient.

21. As the above actions and activities have created an actual and justiciable controversy, First Citizens seeks a declaration that it has not and is not infringing any valid and enforceable claim of the '658 Patent, including claim 5, either literally or under the doctrine of equivalents, directly or indirectly.

22. Absent such relief, Dynapass will continue to wrongfully assert the '658 Patent and Dynapass's claims in the Complaint against First Citizens in violation of the laws and contrary to the public policy of the United States and thereby will continue to cause First Citizens irreparable injury and damage.

23. First Citizens also is entitled to its attorneys' fees, expenses, and costs incurred by it in connection with this action because Dynapass has filed it without a good faith basis, making this an exceptional case under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

First Citizens demands a trial by jury on all issues so triable under Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

FC-Bancshares and First Citizens respectfully request that:

a. Dynapass take nothing on its Complaint;

b. Dynapass's Complaint be dismissed with prejudice;

c. All relief requested by Dynapass be dismissed with prejudice;

d. The Court find and declare that the claims of the '658 Patent are invalid, void, or not enforceable;

e. The Court find and declare that the claims of the '658 Patent have not been infringed by First Citizens;

f.  The Court find and declare this action to be an exceptional case under 35 U.S.C. § 285 and that FC-Bancshares and First Citizens are entitled to an award of attorneys' fees, expenses, and costs accordingly; and

g.  The Court award any such other relief, in law or at equity, to FC-Bancshares and First Citizens as this Court decides is just and proper.

This the 28th Day of April, 2023.

/s/ Kelsey I. Nix
Kelsey Nix (*pro hac vice* forthcoming)
  New York State Bar No. 588507486
Michael W. Mitchell (*pro hac vice* forthcoming)
  North Carolina State Bar No. 16750
David R. Ortiz (*pro hac vice* forthcoming)
  North Carolina State Bar No. 55891
SMITH, ANDERSON, BLOUNT, DORSETT,
    MITCHELL & JERNIGAN, LLP
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone:  (919) 821-1220
Facsimile:  (919) 821-6800
knix@smithlaw.com
mmitchell@smithlaw.com
dortiz@smithlaw.com


/s/ Joseph David Brown
Joseph David Brown
  Texas State Bar No. 00793413
100 N. Travis St., Ste. 205
Sherman, Texas 75090
Telephone:  (903) 487-4700
Facsimile:  (903) 421-9440
joe@joebrown.law

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel of record.

This the 28th day of April, 2023.

/s/ Joseph David Brown