# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DYNAPASS IP HOLDINGS LLC,<br><br>v.<br><br>AMAZON.COM, INC. | NO. 2:23-cv-00063-JRG-RSP<br>LEAD CASE |
| DYNAPASS IP HOLDINGS LLC,<br><br>v.<br><br>SIMMONS FIRST NATIONAL CORPORATION and SIMMONS BANK, | NO. 2:23-cv-00068-JRG-RSP<br>MEMBER CASE<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS SIMMONS FIRST NATIONAL CORPORATION AND SIMMONS BANK'S ANSWER AND COUNTERCLAIMS

Defendants Simmons First National Corporation and Simmons Bank submit their answer and affirmative defenses to Plaintiff Dynapass IP Holdings, LLC's Complaint as follows:

### PARTIES

1. Plaintiff is a Delaware limited liability company, with its principal place of business at 16192 Coastal Highway, Lewes, Delaware 19958.

**ANSWER:** Defendants lack sufficient information to admit or deny the allegations of this paragraph and therefore deny the same.

2. Defendant Simmons First National Corporation is an Arkansas corporation with a principal place of business at 501 S. Main Street, Pine Bluff, AR 71601. Defendant Simmons First National Corporation may be served c/o George A. Makris, 501 S. Main Street, Pine Bluff, AR 71601.

**ANSWER:** Defendants admit the allegations of this paragraph.

3. Defendant Simmons Bank is an Arkansas state chartered bank with a principal place of business at 501 S. Main Street, Pine Bluff, AR 71601. Upon information and belief, Simmons Bank is a wholly owned subsidiary of Simmons First National Corporation. Defendant Simmons Bank may be served c/o George Makris, Jr., 501 S. Main Street, Pine Bluff, AR 71601.

**ANSWER:** Defendants admit the allegations of this paragraph.

## JURISDICTION AND VENUE

4. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a).

**ANSWER:** The allegations of this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c).

**ANSWER:** The allegations of this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

6. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendants' presence and substantial business in this forum, including (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

**ANSWER:** The allegations of this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

7. Specifically, Defendants intend to do and do business in Texas, directly or through intermediaries and offer their products and/or services to customers and potential customers located in Texas, including in this district.

**ANSWER:** Defendants deny the allegations in this paragraph.

8. Defendants maintain a regular and established place of business in this district, including at 11811 S Custer Rd, Frisco, TX 75035.

**ANSWER:** Defendants deny the allegations in this paragraph.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,993,658

9. Plaintiff repeats and re-alleges the allegations in Paragraphs 1–8 as if fully set forth in their entirety.

**ANSWER:** Defendants repeat and reallege their answers to the preceding paragraphs as though fully set forth herein.

10. On January 31, 2006, U.S. Patent No. 6,993,658 (the "'658 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Use of Personal Communication Devices for User Authentication." A copy of the '658 Patent is attached as Exhibit A.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore Defendants deny these allegations.

3

11. Plaintiff is the owner of the '658 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '658 Patent against infringers, and to collect damages for all relevant times.

> **ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore Defendants deny these allegations.

12. The '658 Patent describes systems for authenticating users to secure systems through user tokens that are supplied to personal communication devices such as mobile telephones and pagers.

> **ANSWER:** Defendants state that U.S. Patent No. 6,993,658 speaks for itself as to its content. Defendants deny any allegations inconsistent with the content of that document and deny the remaining allegations of this paragraph.

13. The named inventors of the '658 Patent recognized that secure systems at the time of the invention utilized a user ID and password pair to authenticate users. But those authentication methods suffered from several deficiencies including, but not limited to, inconvenience of frequent password changes and hard-to-remember passwords resulting in users writing down their passwords, which compromised security. The named inventors of the '658 Patent also recognized that two-factor authentication can improve the security of the authentication mechanism, while also improving user convenience.

> **ANSWER:** Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of what the named inventors believed and therefore deny the same. Defendants deny the remaining allegations of this paragraph.

14.     In two-factor authentication, access and authentication to a secure system are determined by (1) secret information known to the user, such as a passcode, and (2) information provided to the user through an object possessed by the user, such as a token. The named inventors of the '658 Patent recognized that the user's personal communication device could be used as the "object possessed by the user" to receive a token. This process is depicted, for example, in Figure 1 of the '658 Patent, reproduced below:



**ANSWER:** Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of what the named inventors believed and therefore deny the same. Defendants deny the remaining allegations of this paragraph.

15.     The claims of the '658 Patent are not directed to an abstract idea. For example, claim 5 of the '658 Patent recites a user authentication system with a specific arrangement of devices and networking configuration. The claimed user authentication system authenticates users to a secure computer network. The authentication system includes a user database that associates

the user's personal communication device with the user. That personal communication device communicates with the user authentication system over a cell phone network.

> **ANSWER:** Defendants state that U.S. Patent No. 6,993,658 speaks for itself as to its content. Defendants deny any allegations inconsistent with the content of that document and deny the remaining allegations of this paragraph.

16. The claimed user authentication system also includes a control module that is configured to create new passwords based at least upon a token and a passcode. The token is not known to the user, whereas the passcode is known to the user. The control module associates the new password with the user. The token is transmitted to the user through the cell phone network.

> **ANSWER:** Defendants state that U.S. Patent No. 6,993,658 speaks for itself as to its content. Defendants deny any allegations inconsistent with the content of that document and deny the remaining allegations of this paragraph.

17. The claimed user authentication system also includes an authentication module that receives the password from the user through a secure computer network. Claim 5 requires that the secure computer network is different from the cell phone network. Receipt of the password activates access to the user's account. Access to the user account is deactivated after a predetermined amount of time.

> **ANSWER:** Defendants state that U.S. Patent No. 6,993,658 speaks for itself as to its content. Defendants deny any allegations inconsistent with the terms of that document and deny the remaining allegations of this paragraph.

18. Taken as a whole, the claimed inventions of the '658 Patent are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the functioning and operation of user authentication systems. The

'658 Patent also acknowledges other forms of two-factor authentication, such as the RSA SecurID product, such that the claims of the '658 Patent do not preempt the field.

> **ANSWER:** Defendants state that U.S. Patent No. 6,993,658 speaks for itself as to its content. Defendants deny any allegations inconsistent with the content of that document and deny the remaining allegations of this paragraph.

19. The written description of the '658 Patent describes each of the limitations of the claims in technical detail, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

> **ANSWER:** Defendants state that U.S. Patent No. 6,993,658 speaks for itself as to its content. Defendants deny any allegations inconsistent with the content of that document and deny the remaining allegations of this paragraph.

20. Defendants have made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale infringing products and/or systems, including, for example, but not limited to, the systems and applications Defendants use for access and authorization to their online banking system (the "Accused Instrumentalities").

> **ANSWER:** Simmons Bank admits that it uses services or products provided by Jack Henry & Associates, Inc. Defendants deny the remaining allegations of this paragraph.

21. The Accused Instrumentalities include, for example, but are not limited to, the systems and applications that provide two-factor authentication to Defendants' customers as part of the sign-on procedure for Defendants' online banking system described and depicted below:



**ANSWER:** The allegations of this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

22. The Accused Instrumentalities include, for example, but are not limited to, a computer processor and a user database that associates users (e.g., Defendants' banking customers) with their personal communication device (e.g., mobile phone). Those personal communication devices are configured to communicate with the Accused Instrumentalities via a cell phone network.

>**ANSWER:** The allegations of this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

23. The Accused Instrumentalities include, for example, but are not limited to, a control module that creates new passwords based at least upon a token and a passcode, wherein the token is not known to the user and the wherein the passcode is known to the user. The token includes, for example, but is not limited to, the access code provided by the Accused Instrumentalities.

>**ANSWER:** The allegations of this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

24. The Accused Instrumentalities include, for example, but are not limited to, a communication module for transmitting the token to the personal communication device through the cell phone network, including, for example, but not limited to via the Short Message Service (SMS), which can also be referred to as text messaging as Defendants acknowledge:

# FREQUENTLY ASKED QUESTIONS REGARDING SIMMONS' NEW ONLINE BANKING

**Q: What is happening to Simmons Bank online banking?**

A: Simmons' online banking platform will be upgraded to allow you to take advantage of many new features that make banking faster, more secure and more customizable than ever before.

**Q: When are these changes taking place?**

A: Activities related to the upgrade will begin Monday, October 19 after 5 p.m. CT and conclude before 7 a.m. CT on Tuesday, October 20. Be sure and watch for emails from Simmons Bank and notifications displayed in your current online banking account.

**Q: Will my online banking login ID and password change?**

A: No. You will continue to enter your current User ID at simmonsbank.com. After you click "Go" and are taken to the new online banking login page, you will enter your current Password. Note: with this new online banking platform, you will no longer have a personal icon/image to identify your account. If you encounter any other login issues, please contact your administrator or call 1-866-246-2400.

**Q: What is Two-Factor Authentication and how do I set it up?**

A: Two-Factor Authentication ("2FA"), sometimes referred to as "Two-Step Verification," is a secure process of identifying that a customer's login is valid by using two forms of verification such as a code delivered by text message after entering your username and password. To learn how to setup Two-Step Verification for Simmons' new online banking, click here. Two-Factor Authentication will replace the token you use to login today.

> **ANSWER:** The allegations of this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

25. The Accused Instrumentalities include, for example, but are not limited to, an authentication module that receives the user's password from the user, through a secure computer network (e.g., Defendants' online banking system). The secure computer network is different than the cell phone network. The authentication module activates access to the user's account in response to the password and deactivates the account within a predetermined amount of time after activating the account, such that the user's account is then not accessible through any password via the secure computer network.

> **ANSWER:** The allegations of this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

26. By making, having made, using, importing, providing, supplying, distributing, selling, or offering for sale the Accused Instrumentalities, Defendants have directly infringed (literally and/or under the doctrine of equivalents) at least Claim 5 of the '658 Patent. Defendants' infringement in this regard is ongoing.

**ANSWER:** Defendants deny the allegations of this paragraph.

27. Plaintiff has been damaged as a result of Defendants' infringing conduct as alleged above. Thus, Defendants are liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:** Defendants deny the allegations of this paragraph.

28. Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '658 Patent.

**ANSWER:** Defendants deny the allegations of this paragraph.

## JURY DEMAND

Defendants hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Defendants pray:

a. that Plaintiff take nothing by its Complaint and that this Court enter a judgment in favor of Defendants and against Plaintiff on all claims for relief contained in Plaintiff's Complaint, and

b. that the Court award Defendants any and all other relief to which they may be entitled.

## GENERAL DENIAL

Defendants deny all allegations of the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because U.S. Patent No. 6,993,658 (the "'658 Patent") is invalid. Specifically:

   a. The claimed inventions utilize conventional components in their normal and expected manner to perform an abstract idea, including but not limited to authenticating a user using cryptography.

   b. One or more elements of the claimed inventions was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicants, or patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application.

   c. Any differences between the claims and the prior art are such that the claimed subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the relevant art.

   d. The '658 Patent does not contain a written description of the claimed inventions, and of the manner and process of making and using them, in such full, clear, concise, and exact terms as to demonstrate to a person of ordinary skill in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

  e. One or more claims of the '658 Patent do not particularly point out and distinctly claim the subject matter which the inventors regard as the invention.

 3. Defendants have not and do not make, use, offer to sell, sell, or import any product which infringes any valid claim of the '658 Patent either directly or through the doctrine of equivalents.

 4. Plaintiff's claims are untimely and barred by the applicable statute(s) of limitations and/or laches.

 5. The '658 Patent is expired and therefore unenforceable. Plaintiff is not entitled to any damages after expiration of the patent.

 6. Plaintiff's causes of action are barred by the doctrines of waiver, acquiescence, and/or estoppel.

 7. Plaintiff's causes of action are barred due to Plaintiff's unclean hands.

 8. Any claims Plaintiff makes or may make for injunctive relief are barred because Plaintiff has not suffered and will not suffer any irreparable harm from Defendants' alleged actions. The alleged injury or damage suffered by Plaintiff would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to equitable relief.

 9. To the extent that Plaintiff or Plaintiff's licensees have failed to properly mark any of its or their relevant products or otherwise failed to give proper notice that Defendants actually allegedly infringed the '658 Patent as required by 35 U.S.C. §287, Defendants are not liable to Plaintiff for the acts alleged to have been performed before Defendants received actual notice that they were allegedly infringing the Asserted Patents.

10.    Defendants presently have insufficient knowledge or information on which to form a belief as to whether they have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates such additional affirmative defenses would be appropriate.

## COUNTERCLAIMS

Simmons Bank ("Simmons") for its counterclaims against Dynapass IP Holdings, LLC, ("Dynapass"), alleges as follows:

## NATURE OF THE ACTION

1.    These counterclaim actions are for declaratory judgment of invalidity and/or noninfringement of one or more claims of U.S. Patent No. 6,993,658 (the '658 Patent).

2.    On information and belief, Dynapass is the assignee of the '658 Patent.

## THE PARTIES

3.    Simmons Bank is an Arkansas state-chartered bank with a principal place of business at 501 Main Street, Pine Bluff, AR 71601.

4.    On information and belief, Dynapass is a Delaware limited liability company, with its principal place of business at 16192 Coastal Highway, Lewes, Delaware 19958.

## JURISDICTION

5.    This Court has subject matter jurisdiction over this counterclaim action for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 based on an actual controversy between Simmons and Dynapass arising under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*.

6.    The Court has personal jurisdiction over Dynapass based on the filing of this lawsuit, among others, in this District.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b). As alleged above, Dynapass is subject to personal jurisdiction based on the filing of this lawsuit, and others, in this District. Venue is therefore proper pursuant to 28 U.S.C. § 1391(b)–(d).

## STATEMENT OF FACTS

8. A real and immediate controversy exists between Simmons and Dynapass concerning Dynapass' allegations that Simmons's systems (the "Accused Instrumentality"), infringes the '658 Patent.

9. On February 20, 2023, Dynapass filed the instant lawsuit wherein Dynapass accused Simmons of infringing the '658 Patent.

10. As noted herein, Simmons denies that it infringes any valid claim of the '658 Patent.

11. The products Dynapass accused of infringement with respect to Simmons are products of Jack Henry & Associates, Inc. ("Jack Henry").

12. On April 5, 2023, Jack Henry filed a declaratory judgment action against Dynapass, *Jack Henry & Associates, Inc. v. Dynapass IP Holdings, LLC,* Case No. 1:23-cv-00388 (Del.), seeking a finding that the '658 Patent is not infringed by Jack Henry or any of its products, and is invalid.

## COUNT I
### (Declaratory Judgment of Invalidity of the '658 Patent)

13. Simmons repeats and incorporates by reference each of the foregoing paragraphs of its counterclaims.

14. The claims of the '658 Patent are invalid for failure to comply with and/or satisfy one or more of the conditions and requirements of patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 120, and/or based on other judicially-created bases for invalidation.

15. The claims of the '658 Patent are invalid under 35 U.S.C. § 101 because the claimed inventions utilize conventional components in their normal and expected manner to perform an abstract idea, including, but not limited to of authenticating a user using cryptography.

16. The claims of the '658 Patent are invalid as anticipated by the prior art because one or more elements of the claimed inventions was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicants, or patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application.

17. The claims of the '658 Patent are invalid as obvious in view of the prior art because any differences between the claims and the prior art are such that the claimed subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the relevant art. A person having ordinary skill in the relevant art would have had reason to combine the teachings of the prior art to achieve the claimed inventions and would have had a reasonable expectation of success in doing so. The '658 Patent does not contain a written description of the claimed inventions, and of the manner and process of making and using them, in such full, clear, concise, and exact terms as to enable a person of ordinary skill in the art to which they pertain, or with which they are most nearly connected, to make and use them.

18. The '658 Patent does not contain a written description of the claimed inventions, and of the manner and process of making and using them, in such full, clear, concise, and exact terms as to demonstrate to a person of ordinary skill in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

19. Specifically, at least European Patent Application No. 084451 to Veneklase (Exhibit A), PCT Patent Publication No. WO 96/00485 to Jonsson (Exhibit B), PCT Patent Publication No. WO 95/19593 to Kew (Exhibit C), PCT Patent Publication No. WO 97/31306 to Sormunen (Exhibit D), Japanese Patent Application Publication No. JP2000-10927 to Kato (Exhibit E), and/or U.S. Patent No. 6,161,185 to Guthrie (Exhibit F) render the claims of the '658 Patent invalid pursuant to 35 U.S.C. §§ 102 and/or 103.

20. One or more claims of the '658 Patent do not particularly point out and distinctly claim the subject matter which the inventors regard as the invention.

21. As a result of Dynapass' allegations that Simmons infringes the '658 Patent, an actual and justiciable controversy exists between Dynapass and Simmons regarding the validity of the '658 Patent.

22. Therefore, Simmons is entitled to a judgment from this Court declaring that the '658 Patent is invalid.

## COUNT II
**(Declaratory Judgment of Non-infringement of the '658 Patent)**

23. Simmons repeats and incorporates by reference each of the foregoing paragraphs of its counterclaims.

24. Dynapass has accused Simmons of infringing at least one claim of the '658 Patent in connection with the Simmons Accused Instrumentality.

25. Simmons has not and does not make, use, offer to sell, sell, or import any product which infringes any valid claim of the '658 Patent either directly or through the doctrine of equivalents.

26. Simmons has not and does not induce or contribute to the alleged infringement of the '658 Patent.

27. Specifically, the Simmons Accused Instrumentality does not infringe at least the following limitation from claim 5 of the '658 Patent: "an authentication module configured to receive the password from the user through a secure computer network, said secure computer network being different from the cell phone network, wherein the user has an account on the secure computer network, wherein the authentication module activates access to the account in response to the password and deactivates the account within a predetermined amount of time after activating the account, such that said account is not accessible through any password via the secure computer network."

28. As a result of Dynapass' allegations that the Simmons Accused Instrumentality infringes the '658 Patent, an actual and justiciable controversy exists between Dynapass and Simmons regarding Simmons' noninfringement of the '658 Patent.

29. Therefore, Simmons is entitled to a judgment from this Court declaring that the Simmons Accused Instrumentality does not infringe any valid claim of the '658 Patent.

## EXCEPTIONAL CASE

30. This case is an exceptional one, and Simmons is entitled to and seeks an award of its reasonable attorneys' fees and costs under 35 U.S.C. § 285.

## JURY DEMAND

31. Pursuant to Federal Rule of Civil Procedure 38, Simmons demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

32. WHEREFORE, Simmons prays that the Court enter judgment in its favor and against Dynapass as follows:

   a) Dismissing the Complaint with prejudice and denying each request for relief made by Plaintiff therein;

b) Declaring the asserted claims of the '658 Patent invalid;

c) Declaring that the Accused Instrumentality has not infringed and does not infringe any valid claim, if any, of the '658 Patent, either directly or indirectly, either literally or under the doctrine of equivalents;

d) Granting Simmons judgment in its favor on Plaintiff's claims;

e) Granting Simmons judgment in its favor on its counterclaims;

f) Declaring this case exceptional in favor of Simmons pursuant to 35 U.S.C. § 285;

g) Declaring that Simmons is the prevailing party and awarding Simmons its costs and attorneys' fees; and

h) Awarding Simmons such other and further relief as the Court deems just and proper.

Dated: May 1, 2023

Respectfully submitted,

By: /s/ Jay E. Heidrick
**Jay E. Heidrick**
Missouri State Bar No. 54699
jheidrick@polsinelli.com
POLSINELLI PC
900 W. 48th Place, Ste 900
Kansas City, MO  64112
Phone: 816-753-1000
Fax:    816-753-1536

**LaTasha M. Snipes**
Texas State Bar No. 24072504
tsnipes@polsinelli.com
1000 Louisiana St, Suit 6400
Houston, TX 77002
Phone: 713-374-1604

**Jason D. Mazingo**
Texas State Bar No. 24055925
Jason@MazingoFirm.com
THE MAZINGO FIRM, P.C.
118 West Houston Street
Tyler, Texas 75702
Phone: 903.630.7123
Fax:    903.218.7849

**ATTORNEYS FOR SIMMONS FIRST NATIONAL CORPORATION AND SIMMONS BANK**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 1, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first-class mail.

*/s/ Jason D. Mazingo*
Jason D. Mazingo