IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DYNAPASS IP HOLDINGS LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | CIVIL ACTION NO. 2:23-CV-00063-JRG-RSP (LEAD CASE) |
| AMAZON.COM, INC., | § § § | |
| *Defendant.* | § § § | |

**MEMORANDUM ORDER**

Before the Court is the Motion for Leave to Amend Infringement Contentions filed by Plaintiff Dynapass IP Holdings LLC. **Dkt. No. 116.** Defendants Amazon.com, Inc., Simmons First National Corporation, Simmons Bank, The Charles Schwab Corporation, and Charles Schwab Bank, SSB opposed the motion in the form of a response and sur-reply. Dkt. No. 119; Dkt. No. 126. Defendant Experian Information Solutions, Inc. opposed the Motion on different grounds and filed a response and sur-reply separate from the other defendants. Dkt. No. 120; Dkt. No. 129.

For the reasons below, the Motion is **GRANTED**.

**I.     BACKGROUND**

Dynapass originally filed this action against Amazon. The action was designated the lead case and then consolidated for all pre-trial issues with Case Nos. 2:23-cv-00064 (defendants Charles Schwab *et al.*), 2:23-cv-00066 (defendant Experian), and 2:23-cv-00068 (defendants Simmons First National Corporation *et al.*). Dkt. No. 11.

Relevant to this Motion, Dynapass asserted U.S. Patent No. 6,993,658, appearing in the infringement contentions served in this action on May 16, 2023. *See* Dkt. No. 116 at 2. This Court construed terms from the '658 Patent in a separate action involving Plaintiff. *Dynapass v. Chase*,

1

Case No. 2:22-cv-00212-JRG-RSP, Dkt. No. 120. In particular, the Court construed "password" and related terms, partially prompting Dynapass to seek amended infringement contentions. Related motion practice ensued. *See* 2:22-cv-212, Dkt. No. 170 (hearing finding that Dynapass could seek amendment through proper motion under P.R. 3-6(b)); 2:22-cv-212, Dkt. No. 190 (order granting subsequent motion to amend pursuant to P.R. 3-6(b)).

## II.     LEGAL STANDARDS

"[A] party claiming patent infringement must serve on all parties" infringement contentions. Patent Local Rule 3-1. "Amendment or supplementation of any Infringement Contentions or Invalidity Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Courts routinely apply a four-factor test to determine whether good cause has been shown. *See Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 WL 278868, at *2 (E.D. Tex. Feb. 1, 2006) (citation omitted). Those four factors are: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. The burden of proving good cause rests with the party seeking the untimely amendment. *Id*; *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

The Patent Local Rules provide that a party's infringement contentions and invalidity contentions are that party's final contentions unless:

> **a) Leave not required.** Each party's "Infringement Contentions" and "Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.

2

> **(1)** If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions" without leave of court that amend its "Infringement Contentions" with respect to the information required by Patent R. 3-1(c) and (d).
> **(2)** Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" without leave of court that amend its "Invalidity Contentions" with respect to the information required by P. R. 3-3 if:
>> **(A)** a party claiming patent infringement has served "Infringement Contentions" pursuant to P. R. 3-6(a), or
>> **(B)** the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.
>
> **b) Leave required.** Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in P. R. 3-6(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause.

P.R. 3-6.

### III. ANALYSIS

#### A. Opposition to DOE Theories (Dkt. No. 119)

Defendants assert that Dynapass has not adequately shown that the addition of new DOE arguments is justified based on the reasoning in the Motion. Dkt. No. 119 at 8. Defendants contend that Dynapass's assertion that the "amendments are 'limited to identifying alternative examples of an infringing 'passcode,'" which would not encompass DOE arguments appearing in the amended contentions for the first time. Dkt. No. 119 at 8 (citing Dkt. No. 116 at 3). Dynapass replies that the first paragraph of the motion references "limitation 5[e]" which included the DOE amendment. Dkt. No. 123 at 3.

The Court finds that Dynapass has adequately demonstrated good cause for the added DOE arguments.

### B. Experian's Sufficiency Opposition (Dkt. No. 120)

Experian asserts that the proposed amendments fail to comply with P.R. 3-1(c) by not disclosing where the proposed additions are found within Experian's products. Dkt. No. 120 at 13. Particularly, Experian takes issue with the use of "other information known to the user" as an example of "passcode" not being specifically tied to the "Experian service." Dkt. No. 120 at 13–14. Further, Experian asserts that the example of "username" as "other information known to the user" was not specifically tied to the Experian products. *Id.* at 14. Dynapass replies that the use of Experian's two-page brochure showing credentials associated with the user (Dkt. No. 116-1 at 3) "satisfy the notice function" required by P.R. 3-1(c).

The Court finds that Dynapass's amendments are sufficient pursuant to P.R. 3-1(c). Experian's arguments are premature in response to a Motion to amend, as they encompass complex issues better suited for contexts other than an opposition to a motion to amend. Whether the claim terms capture the subject matter of the accused instrumentalities, and ultimately whether the Experian products infringe are arguments correct for claim construction, summary judgment, or trial. Accordingly, the Court does not find that the amendments are futile.

### C. Good Cause Considerations

1. <u>Diligence and excuse</u>

Dynapass asserts that it was diligent in seeking amendment because the contentions were served two months after the claim construction order in the *Dynapass v. Chase* case. Dkt. No. 116 at 4. Further, Dynapass asserts that the failure to meet the deadline for serving contentions in this action, May 16, 2023, is explained by the need for amendment not arising until after the claim construction occurred on October 31, 2023. *Id.* at 4–5. Experian asserts that this factor is inapplicable. Dkt. No. 120 at 15. The Court finds that diligence has been demonstrated as to the

4

proffered impetus, but the factor regarding explanation for failure to meet the deadline is neutral. The unique circumstances of this Motion are that the reason for seeking amendment occurred due to a claim construction ruling in another case. As claim construction is yet to occur in this action on the same asserted patent, the Court does not find that diligence determines the outcome of this analysis.

### 2. Importance of amendment

Dynapass asserts that its amendments are important and necessary due to the Court's claim construction which "excludes instances where the user's password and token are submitted separately." Dkt. No. 116 at 5. Experian asserts that the proposed amendments are not important since they are deficient, based on their arguments discussed above. Dkt. No. 120 at 15. Since the Court has rejected Experian's sufficiency arguments, the Court finds that the importance factor weighs in favor of amendment.

### 3. Prejudice and Possibility of Continuance to Cure

Dynapass asserts that the amendments are minimal and narrowly tailored, reducing any prejudice that might be suffered in combination with the early stage of the case. Dkt. No. 116 at 6. Further, Dynapass asserts that continuance is unnecessary. *Id.* Experian asserts that a continuance would not remedy the prejudice of being "prevented from fairly evaluating Dynapass's contentions for potential claim construction, noninfringement, and invalidity issues." Dkt. No. 120. This argument is predicated on a finding of insufficiency. *See id.* As discussed above, the Court has found that the contentions are sufficient. Considering the narrowness of the amendments, prompted by claim construction rulings in a separate case, the Court finds that the potential prejudice does not outweigh the other factors.

Accordingly, the Motion is **GRANTED**.

**SIGNED this 1st day of April, 2024.**

                                               ROY S. PAYNE
                                               UNITED STATES MAGISTRATE JUDGE