# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DYNAPASS IP HOLDINGS LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> AMAZON.COM, INC., § <br> § <br> *Defendant*. § <br> § | CIVIL ACTION NO. 2:23-CV-00063-JRG-RSP <br> (LEAD CASE) |

## MEMORANDUM ORDER

Before the Court is the Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) filed by Defendant Amazon.com, Inc. **Dkt. No. 76.** For the following reasons, the Motion is **DENIED**.

## I.   LEGAL STANDARD

### A. Venue

The Judicial Code provides that 28 U.S.C. § 1400(b) is the "sole and exclusive provision controlling venue in patent infringement actions" and is not supplemented by the general venue statutes. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). Pursuant to 28 U.S.C. § 1400(b), venue lies "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Three elements must be met in order to establish that a defendant has a regular and established place of business in the district: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. *In re: Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

1

When challenged, the plaintiff has the burden of establishing that venue is proper under 28 U.S.C. §1400(b). *In re: ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018). "A court may decide whether venue is improper based upon (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *AGIS Software v. T-Mobile USA Inc.*, No. 2:21-cv-72-JRG-RSP, 2021 WL 6616856, at *1 (E.D. Tex. Nov. 10, 2021) (quoting *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)), *R&R adopted*, 2022 WL 178804 (E.D. Tex. Jan. 19, 2022).

### B. Transfer

A federal district court may transfer a case "for the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Id.* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. See *Id.*; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. See *Volkswagen II*, 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). Once the moving party has established that the instant case could have been brought in the transferee forum, the Court moves on to consider the private and public factors provided in *Volkswagen I*.

The private interest factors are "(1) the relative ease of access to sources of proof; (2) the

availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I,* 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id.*

      The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Id.* Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-15; *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. See *Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 U.S. Dist. LEXIS 205696, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019); *cf. Trois v. Apple Tree Auction Cent. Inc.*, 882 F.3d 485, 492-93 (5th Cir. 2018) (reviewing a transfer under § 1406); *Ambraco, Inc. v. Bossclip B.V.*,

570 F.3d 233, 238 (5th Cir. 2009) (reviewing enforcement of a forum-selection clause).

## II. ANALYSIS

Regarding the threshold determination, Defendant contends that the instant action could have properly been brought in the Western District of Washington. Dkt. No. 76 at 11. Plaintiff does not contest the threshold determination. *See* Dkt. No. 85. Accordingly, the Court finds that this case could have been brought in the Western District of Washington and turns to the private and public interest factors.

### A. Private Interest Factors

#### 1. Ease of Access to Sources of Proof

The "relative ease of access to sources of proof" factor concerns "documents and other physical evidence." *Apple*, 979 F.3d at 1339. "The location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature." *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *Volkswagen II*, 545 F.3d at 316–17). However, the Federal Circuit has directed the Court to consider "the location of document custodians and location where documents are created and maintained" when documents are in electronic format or available via the cloud. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021). Reconciling the two approaches to documentary evidence, the Court will weigh physical evidence in favor of its venue location, credit identified document custodians, creation, and maintenance in favor of the holding venue, and otherwise find electronic documentary evidence fairly neutral.

Defendant asserts that "[t]he vast majority of technical documents and source code relevant to this case . . . remain accessible from Amazon's offices in Seattle." Dkt. No. 76 at 12. However, Defendant clarifies that the technical documents are stored on servers in Oregon and Virginia. *Id.*

4

Further, Defendant states that the relevant source code is stored on servers in Oregon as well. *Id*.

Defendant's generalized argument that documents are located in the Western District of Washington based on development efforts in Seattle is unpersuasive in light of the supporting assertions demonstrating that the documentary evidence is actually located on servers in Oregon or Virginia. While server locations can be weighed in favor of the venue in which they sit, none of the asserted servers are located in the district to which transfer is sought. Instead, whether the litigation remains in this District or is transferred to the Western District of Washington, the digital evidence housed in Oregon and Virginia will be accessible digitally in either forum. Defendant has not demonstrated that any evidence is in a format that would make the distance from the housing facilities to either forum relevant. Accordingly, the Court finds that this factor is neutral.

### 2. Availability of Compulsory Process to Secure Attendance of Witnesses

The availability of compulsory process factor addresses the Court's ability to secure the attendance of non-party witnesses. "When there is no indication that a non-party witness is willing, the witness is presumed to be unwilling." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n. 1 (Fed. Cir. Sept. 25, 2018) (citing *AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No. 2:17-cv-00513, 2018 WL 2329752, at *6 (E.D. Tex. May 23, 2018)). Thus, this factor hinges upon the inherent limits of this Court's and WDWA's subpoena power over identified third-party entities.

> A subpoena may command a person to attend a trial… only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person … (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. Proc. 45(c)(1)(A) & (B)(ii).

Defendant asserts that this factor is neutral due to there being no non-party witnesses within the subpoena power of either forum to weigh in this analysis. Dkt. No. 76 at 15. Plaintiff "agrees with Amazon that this factor is neutral." Dkt. No. 85 at 5. Therefore, the Court finds that this factor is neutral.

### 3. Cost of Attendance for Willing Witnesses

The convenience of willing witnesses considers both party witnesses and willing third-party witnesses. Where the distance between two districts exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05.

Defendant asserts that eleven of its thirteen identified employees who worked on the accused features are located near Seattle, Washington or Portland, Oregon, making the Western District of Washington more convenient. Dkt. No. 76 at 13–14; Dkt. No. 76-2 ¶ 6. However, Defendant also has 12 employee witnesses in Texas who have worked on the accused features. Plaintiff asserts that its willing witnesses are outside of the Western District of Washington making travel to the requested venue a shifting of inconvenience for both Plaintiff's party witnesses and Defendant's witnesses not residing in Washington. Dkt. No. 85 at 6.

The Court finds that this factor is neutral or weighs no more than slightly in favor of transfer as it merely shifts the inconvenience from one party to another. While Amazon's identified witnesses residing in Seattle weigh in favor of transfer, Plaintiff's witnesses residing outside of either district and Defendant's additional witnesses residing outside either district will be more inconvenienced in Washington. Nor can it be said that the vast majority of relevant witnesses are located in Washington where Amazon has only provided evidence that at least one employee has relevant testimony and is located in Washington. *See* Dkt. No. 76-2 ¶ 6 ("At least one of the current

6

employees located in either Seattle or Bellevue was responsible for the initial design of Amazon's Two-Step Verification feature").

### 4. All Other Practical Problems

The fourth private interest factor addresses concerns rationally based on judicial economy. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *6 (E.D. Tex. Nov. 27, 2019); *see also Vistaprint*, 628 F.3d at 1346.

Defendant asserts that separate cases filed by Plaintiff in this district, not involving related defendants or the same accused instrumentalities, should not weigh against transfer. Dkt. No. 76 at 15–16. Plaintiff responds that the nine other cases pending in this District include the same patent asserted in the instant action. Dkt. No. 85 at 6–7. None of the defendants in those other nine cases have moved for transfer, and several are moving toward claim construction of the same '658 patent at issue here. The Court finds that in light of the other cases pending before the Court involving the same asserted patent, which includes three member cases consolidated with this case,[1] this factor weighs against transfer.

### B. Public Interest Factors

#### 1. Administrative Difficulties Flowing from Court Congestion

In considering court congestion arguments, deference is given to the district court's assessment of the average time to trial data. *In re Google LLC*, 58 F.4th 1379, 1384 (Fed. Cir. Feb. 1, 2023) (citing *Planned Parenthood*, 52 F.4th at 631; *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)) ("We do not disturb the district court's suggestion that it could dispose of the case more quickly than if the case was transferred to the Northern District of California.").

---

[1] *See* Dkt. No. 11 (consolidating member cases 2:23-cv-064-JRG-RSP, 2:23-cv-066-JRG-RSP, and 2:23-cv-068-JRG-RSP for all pretrial issues with lead case 2:23-cv-063).

Defendant relies on the number of cases pending before each forum to assert that the "the Western District of Washington's docket is less congested" while also contending that it is "improper' to consider this Court's 'aggressive scheduling order for setting a trial date.'" Dkt. No. 76 at 18 (citing *Juniper Networks*, 14 F.4th at 1322). However, recent precedent indicates that Defendant is incorrect in its assertions. Rather, the Fifth Circuit has reiterated that the district court is in the best position to evaluate its own docket efficiency. *See In re Clarke*, 94 F.4th 502, 510 (5th Cir. Mar. 1, 2024). Accordingly, the Court finds that Amazon's speculative statistics carry little weight, and that the significantly lower time to trial in this District weighs against transfer. *See* Dkt. No. 85-3 (19 months average time from filing to trial for civil cases in EDTX vs. 30.1 months in WDWA).

### 2. Local Interest

"[T]his factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple*, 979 F.3d at 1345 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)); *In re Clake*, 94 F.4th at 511–13.

Defendant asserts that the Western District of Washington has a far greater interest in deciding this case due to Amazon's presence in Seattle and the assertion that the "design, development, and maintenance" of the accused instrumentalities are not in this District. Dkt. No. 76 at 17–18. The Court finds that Amazon fails to connect the requested venue to the events that gave rise to the suit. *See In re Clarke*, 94 F.4th at 511–13 (finding that mere residency and presence in a venue does not alone constitute a local interest). Plaintiff disputes Defendant's arguments on this factor but ultimately asserts that the factor is neutral. The Court also finds that this factor is neutral.

3. <u>Remaining Public Interest Factors</u>

Defendant and Plaintiff agree that the remaining factors are neutral. Dkt. No. 76 at 19; Dkt. No. 85 at 9.

## III.   CONCLUSION

Amazon has not clearly established "good cause for transfer based on convenience and justice" to the Western District of Washington. *In re Clarke*, 94 F.4th at 514–15. Therefore, Amazon's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 76) is **DENIED**.

**SIGNED this 3rd day of May, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE