# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| DYNAPASS IP HOLDINGS LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:23-CV-00063-JRG-RSP |
| AMAZON.COM, INC., | § § | (Lead Case) |
| Defendant. | § § § | |

**DEFENDANT AMAZON.COM, INC.'S OBJECTIONS TO THE
<u>ORDER DENYING MOTION TO TRANSFER</u>**

# **TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | The Relative Ease of Access to Sources of Proof Strongly Favors Transfer | 1 |
| II. | The Cost of Attendance and Convenience for Willing Witnesses Favor Transfer | 2 |
| III. | Local Interest Strongly Favors Transfer | 4 |
| IV. | Practical Problems Do Not Weigh Against Transfer | 5 |
| V. | Conclusion | 5 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Apple Inc.*,
   2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) ................................................................................ 2

*In re Apple*,
   979 F.3d 1332 (Fed. Cir. 2020) ................................................................................................. 1

*In re Apple, Inc.*,
   2022 WL 1196768 (Fed. Cir. Apr. 22, 2022) ............................................................................ 4

*In re Atlassian Corp.*,
   2021 WL 5292268 (Fed. Cir. Nov. 15, 2021) ....................................................................... 1, 5

*In re Dish Network L.L.C*,
   2021 WL 4911981 (Fed. Cir. Oct. 21, 2021) ........................................................................ 4, 5

*In re Google*,
   2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ....................................................................... 2, 5

*In re HP Inc.*,
   2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ........................................................................... 4

*In re Juniper Networks*,
   2021 WL 4519889 (Fed. Cir. Oct. 4, 2021) ............................................................................... 5

*In re Pandora Media*,
   2021 WL 4772805 (Fed. Cir. Oct. 13, 2021) ............................................................................. 2

*In re Samsung*,
   2 F. 4th 1371 (Fed. Cir. 2021) .................................................................................................... 3

*In re TikTok, Inc.*,
   85 F.4th 352 (5th Cir. 2023) ....................................................................................................... 2

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014) .................................................................................................. 4

*Opulent Treasures, Inc. v. Portofino Int'l Trading USA, Inc.*,
   2022 WL 1117430 (E.D. Tex. Apr. 14, 2022) ........................................................................... 4

**Statutes**

28 U.S.C. § 636(b)(1) ....................................................................................................................... 1

28 U.S.C. § 1404(a) .......................................................................................................................... 1

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**Other Authorities**

Fed. R. Civ. P. 72(a) ............................................................................................................1

Local Rule CV-72(b) ............................................................................................................1

Pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(a), and Local Rule CV-72(b), Defendant Amazon.com, Inc. ("Amazon") respectfully submits the following objections to the Magistrate Judge's Memorandum Order denying Amazon's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Order") entered on May 3, 2024.  Dkt. 152.  The facts and circumstances of this case establish that "the center of gravity in this action is squarely in the transferee district," and no public or private interest factor favors "retaining the case in the [Eastern] District of Texas."  *In re Atlassian Corp.*, 2021 WL 5292268, at *4 (Fed. Cir. Nov. 15, 2021).  Accordingly, for at least the reasons articulated herein, Amazon's objections should be sustained and this case transferred to the Western District of Washington ("WDWA").

## I. The Relative Ease of Access to Sources of Proof Strongly Favors Transfer

The Order concluded that this factor is neutral but erred in failing to meaningfully compare the sources of proof in the WDWA against the lack thereof in the EDTX.  *See* Order at 4-5.

*First*, the Order discounted evidence of documents in the WDWA as "Defendant's generalized argument."  *Id.* at 5.  Yet Amazon relied on an uncontroverted, sworn declaration that "employees in the Identity Services group" would be the ones to generate, maintain, and update technical documents and source code related to the accused features, and they would do so from the locations in which they work.  Dkt. 76-2 ¶ 9.  The Federal Circuit has addressed these very circumstances and requires a "meaningful comparison" of the sources of proof in the transferee forum against the sources or proof in or nearer to the plaintiff's chosen forum.  *In re Apple*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).  The movant need not show that *all relevant documents* are located in transferee venue for the factor to favor transfer.  *Id.* (concluding that sources of proof favored transfer when the movant's source code relevant to the research and design of the accused products were located in the transferee forum).

*Second*, the Order erred in dismissing documentary evidence on servers in Oregon or

- 1 -

Virginia by limiting their relevance to only "the venue in which they sit." Order at 5. According to the Order, because "the digital evidence housed in Oregon and Virginia will be accessible digitally in either forum," Amazon "has not demonstrated that any evidence is in a format that would make the distance from the housing facilities to either forum relevant." *Id*. But regardless of whether the sources of proof are physical documents or located in a server, "relative ease of access" requires analysis of whether the servers are more easily accessible in the EDTX or the WDWA. *In re Apple Inc.*, 2021 WL 5291804, at *2 (Fed. Cir. Nov. 15, 2021). The storage of Amazon documents in servers outside of the WDWA does not override the need to compare the relative ease between the two forums.

***Third***, the Order failed to account for the lack of any source of proof in the EDTX. Dkt. 76 at 7-9; Dkt. 87 at 3. With no proof in the transferor forum but identified sources of proof in the transferee forum, this factor favors transfer. *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (factor favors transfer "where the current district lacks any evidence relating to the case.").

## II.    The Cost of Attendance and Convenience for Willing Witnesses Favor Transfer

The Order erred in concluding this factor "is neutral or weighs no more than slightly in favor of transfer." Order at 6. ***First***, this factor strongly favors transfer because Amazon established that it has approximately thirteen current employees who were part of the Identity Services group responsible for the initial development of the accused Two-Step Verification feature, and ten of the thirteen are located in Seattle or Bellevue. Dkt. 76-2 ¶ 6; Dkt. 76 at 4-5, 9-10. When, as here, "there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer." *In re Google*, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). That Amazon's witnesses in the WDWA were directly involved in developing the accused functionality should be dispositive. *In re Pandora Media*, 2021 WL 4772805, at *3-5 (Fed. Cir. Oct. 13, 2021) (litigation

should be conducted where witnesses can testify without leaving home or regular places of business). And the convenience of these witnesses to attend and participate in the trial should have favored transfer. *See In re Samsung*, 2 F. 4th 1371, 1379 (Fed. Cir. 2021) (transfer ordered where locations of knowledgeable witnesses and sources of proof were undisputed and no witnesses resided in or near the WDTX).

***Second***, the Order incorrectly found that "Amazon has only provided evidence that at least one employee has relevant testimony and is located in Washington." Order at 6. Amazon's declarant attested that ten relevant employees are located in the WDWA, including current employees in the Identity Services group who contribute to ongoing maintenance of and any necessary updates for the accused Two-Step Verification feature. Dkt. 76-2 ¶¶ 6-7; Dkt. 76 at 4-5, 9-10. The other three employees in this group reside in nearby Oregon or India. *Id*. None of the identified Amazon personnel from the Identity Services group are in Texas. Dkt. 76-2 ¶ 7. Indeed, one of the Amazon witnesses identified by name in the sworn Declaration, *id.* ¶ 6, was deposed from his work location in Seattle on May 17, 2024, and the remaining scheduled depositions of Amazon employees will take place in Seattle on May 21 and May 23, respectively, because all three of Amazon's 30(b)(6) deponents reside in the WDWA.

Despite acknowledging that "Amazon's identified witnesses residing in Seattle weigh in favor of transfer," the Order turned to Amazon's "12 employee witnesses in Texas who have worked on the accused features." Order at 6. But the Order failed to appreciate Amazon's declarant averred that (1) these employees joined the group after March 2020 (long after the accused feature was developed), (2) are not responsible for and have not worked on making changes, updates, or improvements to the technical operation and functionality of the feature, and (3) are located in Austin, not Marshall. Dkt. 76-2 ¶ 8; Dkt. 76 at 4-5. In assessing similar

circumstances, the Federal Circuit explained that a court should heavily weigh the location of "employees knowledgeable about the accused functionality" in the company's headquarters where the software was developed. *In re Dish Network L.L.C,* 2021 WL 4911981, at *1 (Fed. Cir. Oct. 21, 2021). Here, the analysis failed to assess the knowledge of the later-hired Amazon personnel in Austin. *See In re Apple*, *Inc.*, 2022 WL 1196768, at *2 (Fed. Cir. Apr. 22, 2022) (district court erred by finding factor only slightly favored transfer after crediting identification of two employees in Austin where "it [wa]s far from clear that either of those employees ha[d] relevant or material information"). The unrebutted record confirms Amazon personnel in the WDWA have the most relevant knowledge of the accused functionality. *See* Dkt. 76-2 ¶¶ 6-7.

***Third,*** the Order gave disparate weight to "Plaintiff's witnesses," finding that they will allegedly be "more inconvenienced in Washington." Order at 6 (given "Plaintiff's witnesses" residing "outside of either district," transfer would "merely shift[] the inconvenience from one party to another"). But "[t]he comparison between the transferor and transferee forums is not altered by the presence of other witnesses ... in places outside both forums." *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014); *see In re HP Inc.*, 2018 WL 4692486, at *3 (Fed. Cir. Sept. 25, 2018) (no shifting of convenience when there are more employee witnesses with relevant knowledge in the transferee forum).

### III. Local Interest Strongly Favors Transfer

The Order erred in finding that "Amazon fails to connect the requested venue to the events that gave rise to the suit" and thus concluding that "this factor is neutral." Order at 8. Amazon's headquarters are in Seattle, Dkt. 76-2 ¶ 2, and this Court has recognized that a "District has a local interest in the disposition of any case involving a resident corporate party," *Opulent Treasures, Inc. v. Portofino Int'l Trading USA, Inc*., 2022 WL 1117430, at *4 (E.D. Tex. Apr. 14, 2022) (Gilstrap, J.). Amazon also showed that employees in the Seattle area worked on design,

development, and operation of the accused feature.  Dkt. 76-2 ¶ 6.  These undisputed facts show a local interest in the WDWA and favor transfer.  "[T]he local-interest factor does not consider the parties' significant connections to each forum writ large, but rather the significant connections between a particular venue and *the events that gave rise to a suit*."  *In re Juniper Networks*, 2021 WL 4519889, at *2 (Fed. Cir. Oct. 4, 2021) (emphasis in original).  This is especially true where, as here, the plaintiff has not alleged any ties to Texas.  *See Google*, 2021 WL 4427899, at *3.  In similar circumstances, development of the accused functionality by at least one engineer in the transferee forum is sufficient "to give the transferee venue a greater localized interest in the dispute, which favors transfer." *Atlassian*, at *3 (internal citations omitted); *see Dish*, 2021 WL 4911981, at *3.

### IV.    Practical Problems Do Not Weigh Against Transfer

The Order erroneously concluded this factor "weighs against transfer."  Order at 7.  The presence of "other cases pending before the Court involving the same asserted patent" is not a basis to override the showing in favor of transfer under the private interest factors.  *See Dish*, 2021 WL 4911981, at *3 ("mere co-pendency of infringement suits in a particular district" does not "automatically tip[] the balance in the non-movant's favor").  Such a conclusion is particularly problematic where, as here, none of the parallel cases are known to involve related defendants or the same accused products.

### V.    Conclusion

Amazon respectfully requests this Court sustain these objections and transfer this case to the WDWA for the convenience of the parties and witnesses and in the interest of justice.

May 17, 2024

Respectfully submitted,
**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Natalie A. Bennett*

Natalie A. Bennett*
Illinois Bar No. 6304611
*natalie.bennett@morganlewis.com*
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
T. (202) 739-5559
F. (202) 739-3001

Ahren C. Hsu-Hoffman
Texas Bar No. 24053269
*ahren.hsu-hoffman@morganlewis.com*
Austin L. Zuck (admitted *pro hac vice*)
*austin.zuck@morganlewis.com*
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304
T. 650.843.4000
F. 650.843.4001

Susan Stradley
Texas Bar No. 24117102
*susan.stradley@morganlewis.com*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana St., Suite 4000
Houston, TX 77002-5006
T. (713) 890-5151
F. (713) 890-5001

Deron R. Dacus
Texas Bar No. 00790553
*ddacus@dacusfirm.com*
The Dacus Firm, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Fax: (903) 581-2543

\**Admitted to practice*

*Attorneys for Defendant Amazon.com, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the undersigned caused a copy of the foregoing document to be served on all counsel of record via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure

      /s/ *Natalie A. Bennett*

      Natalie A. Bennett