**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DYNAPASS IP HOLDINGS LLC,<br>v.<br>AMAZON.COM, INC. | C.A. No. 2:23-cv-00063<br>(Lead Case)<br>JURY TRIAL DEMANDED |

**PLAINTIFF DYNAPASS IP HOLDINGS LLC'S RESPONSE TO
DEFENDANT AMAZON.COM, INC.'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Dynapass Holdings, LLC ("Plaintiff") responds to Amazon.com, Inc.'s ("Amazon") Objections to the Report and Recommendation (the "Report and Recommendation," Dkt. 152). The reasoning in the Report and Recommendation is well-founded, and it should be affirmed in all respects.

1.    <u>**Ease of Access to Sources of Proof**</u>

Amazon's argument on relative ease of access to sources of proof is unconvincing. Although it points out that relevant technical documents and source code may have been generated and maintained by "employees in the Identity Services group" in the locations where they worked, Dkt. 76-2 at ¶ 9, Amazon omits that the documents and source code (i.e., the actual sources of proof) are, per the same declaration proffered by Amazon, located primarily on servers in Oregon and Virginia. *Id.* at ¶ 10. Thus, the location of the employees generating the documents is not relevant to this factor. And while Amazon argues that relative ease of access to the physical servers themselves should be considered, the case it cites, *In re Apple Inc.*, No 2021-181, 2021 U.S. App. LEXIS 33788 (Fed. Cir. Nov. 15, 2021), does not include any discussion of relative ease of access to physical servers. That opinion itself is nonprecedential, and according to the Federal Circuit, it

may not be cited as precedent.[1]   Finally, contrary to Amazon's assertion, the Report and Recommendation evaluated access to evidence in <u>both</u> forums and properly concluded that Amazon "has not demonstrated that any evidence is in a format that would make the distance from the housing facilities to either forum relevant." Dkt. 152 at 5.  The Report and Recommendation correctly concluded that this factor is neutral.

### 2.   Cost of Attendance and Convenience for Willing Witnesses

Amazon fails to identify any error in the Report and Recommendation regarding the cost of attendance for willing witnesses.  Although Amazon reiterates that it has some potential witnesses located in the Seattle area, the Report and Recommendation properly considered that information and concluded that, based on the locations of Amazon's non-Seattle witnesses as well as of the witnesses of Plaintiff—who willingly chose to litigate in this forum—a venue transfer would "merely shift[] the inconvenience from one party to another." Dkt. 152 at 6.  Amazon also complains that the Report and Recommendation misinterpreted Amazon's declaration—but the declaration, which only avers that "[a]t least one" Seattle-area employee was responsible for initial design of the accused feature, speaks for itself, and the Report and Recommendation interpreted the declaration correctly.  *See* Dkt. 76-2 at ¶ 6.  The Report and Recommendation therefore correctly concluded that this factor weighs only slightly in favor of transfer, if at all.

### 3.   Local Interests

Amazon complains that the Report and Recommendation did not properly consider the Western District of Washington's local interests in adjudicating the rights of Amazon, which is co-headquartered there.  But the Report and Recommendation correctly noted that Amazon "fail[ed]

---

[1] In other parts of its Objections, Amazon also relies on nonprecedential Federal Circuit opinions that, under the Federal Circuit's own rules, should be afforded no weight.

to connect the requested venue to the events that gave rise to the suit." Dkt. 152 at 8. To the extent Amazon relies on its declaration as tying its Seattle-area employees to the facts giving rise to this litigation, that declaration only states that "[a]t least one" of the current Seattle-area employees was responsible for initial design of the accused feature and does not name that specific employee. *See* Dkt. 76-2 at ¶ 6. Accordingly, Amazon has not demonstrated sufficient ties between its Seattle-area employees and this litigation to bolster the Western District of Washington's local interests in hearing the suit, and the Report and Recommendation correctly evaluated this factor as neutral.

**4.** **Practical Problems**

Amazon implausibly asserts that the multiple co-pending patent infringement cases in this District[2]—all involving the same patent and the same plaintiff—do not weigh against transfer. But the Report and Recommendation correctly noted that judicial economy concerns weighed against transfer of a single case when no other defendant in the co-pending cases had moved to transfer venue. Dkt. 152 at 7. Prior to the Report and Recommendation, the Court had previously construed the patent claims and, since the issuance of the Report and Recommendation, the Court held another claim construction hearing in this case and its co-consolidated cases and has issued its second claim construction order. Accordingly, the Report and Recommendation correctly evaluated this factor as weighing against transfer.

**5.** **Conclusion**

For the foregoing reasons, Plaintiff respectfully submits that the Court should affirm and adopt the Report and Recommendation in its entirety.

Dated: May 30, 2024

By: */s/ Fred I. Williams*
Fred I. Williams
Texas State Bar No. 00794855

---

[2] As of the time of filing of this Opposition, seven patent infringement cases involving the Patent-in-Suit remain active and pending in this District.

3

Lea Brigtsen
Texas State Bar No. 24054504
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave., Suite 600
Austin, TX  78701
Tel: 512-543-1354
fwilliams@wsltrial.com
lbrigtsen@wsltrial.com

John Wittenzellner
Pennsylvania State Bar No. 308996
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite 125, #453
Philadelphia, PA  19103
Tel: 512-543-1373
johnw@wsltrial.com

*Attorneys for Plaintiff Dynapass IP
Holdings LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 30, 2024, the undersigned caused a copy of the foregoing document to be served on all counsel of record via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Fred I. Williams*
Fred I. Williams